**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 12-5005**

---

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

DAVID STUCKEY, a/k/a Shortstop,

                    Defendant - Appellant.

---

**No. 12-5022**

---

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

DEMARIO COVINGTON, a/k/a Booger,

                    Defendant - Appellant.

---

Appeals from the United States District Court for the District of South Carolina, at Florence.  Terry L. Wooten, Chief District Judge.  (4:11-cr-00417-TLW-11)

---

Submitted:  September 20, 2013      Decided:  September 30, 2013

---

Before GREGORY, SHEDD, and KEENAN, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Melvin W. Cockrell, III, COCKRELL LAW FIRM, PC, Chesterfield, South Carolina; Nicole Nicolette Mace, THE MACE FIRM, Myrtle Beach, South Carolina, for Appellants.  William N. Nettles, United States Attorney, Columbia, South Carolina; Alfred W. Bethea, Jr., Assistant United States Attorney, Florence, South Carolina; Mythili Raman, Acting Assistant Attorney General, Denis J. McInerney, Acting Deputy Assistant Attorney General, Thomas E. Booth, DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

David Stuckey and Demario Covington pled guilty to one count of conspiracy to traffic in five kilograms or more of cocaine and 280 grams or more of crack cocaine. Stuckey was sentenced to 360 months' imprisonment and Covington received a 420-month sentence, a sentence Covington stipulated to pursuant to Fed. R. Crim. P. 11(c)(1)(C) in an addendum to his plea agreement. Prior to sentencing, Stuckey and Covington separately moved to withdraw their guilty pleas. After conducting a hearing in each case, the district court denied the motions. Both men now appeal, challenging the denial of the motions to withdraw. Additionally, Stuckey appeals the district court's denial of his counsel's motion to withdraw from representation. Finding no error, we affirm.

We review a district court's denial of a motion to withdraw a guilty plea for abuse of discretion. United States v. Battle, 499 F.3d 315, 319 (4th Cir. 2007). In order to withdraw a guilty plea before sentencing, a defendant must show that a "fair and just reason" supports his request. Fed. R. Crim. P. 11(d)(2)(B). "[A] 'fair and just' reason . . . is one that essentially challenges . . . the fairness of the Rule 11 proceeding." United States v. Lambey, 974 F.2d 1389, 1394 (4th Cir. 1992) (en banc). The defendant bears the heavy burden of

3

demonstrating the existence of such a reason. United States v. Thompson-Riviere, 561 F.3d 345, 348 (4th Cir. 2009).

In determining whether a defendant has met this burden, a district court must consider the six factors articulated in United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991). We have reviewed the record in these cases and, after carefully considering the factors described in Moore, conclude that the district court did not abuse its discretion in denying Stuckey's and Covington's motions to withdraw their guilty pleas. See also Blackledge v. Allison, 431 U.S. 63, 74 (1977) (holding that sworn statements carry a strong "presumption of verity"); Fields v. Attorney Gen., 956 F.2d 1290, 1299 (4th Cir. 1992) ("Absent clear and convincing evidence to the contrary, a defendant is bound by the representations he makes under oath during a plea colloquy."). Accordingly, we find that the district court correctly concluded that consideration of the Moore factors counseled against allowing Stuckey and Covington to withdraw their guilty pleas.

Stuckey also challenges on appeal the district court's denial of his counsel's motion to withdraw. The Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. amend. VI. Implicit in the Sixth Amendment is the right of a defendant to have counsel of his own

4

choosing. United States v. Mullen, 32 F.3d 891, 895 (4th Cir. 1994). But this right is not absolute, and its exercise "must not obstruct orderly judicial procedure and deprive courts of the exercise of their inherent power to control the administration of justice." Id. (internal quotation marks omitted).

A defendant similarly has no absolute right to substitution of counsel. Id. Instead, the decision whether to allow a defendant to substitute counsel rests in the sound discretion of the trial court. Id. When determining whether a district court abused its discretion in disallowing the substitution of counsel, this court considers three factors: "(1) the timeliness of [the request]; (2) the adequacy of the court's inquiry into [defendant's] complaint about counsel; and (3) whether [defendant] and his counsel experienced a total lack of communication preventing an adequate defense." United States v. Reevey, 364 F.3d 151, 156 (4th Cir. 2004) (internal quotation marks omitted). After reviewing the transcript of the hearing on counsel's motion and with these standards in mind, we discern no abuse of discretion in the district court's denial of counsel's motion to withdraw.

Accordingly, we affirm Stuckey's and Covington's convictions and sentences. We dispense with oral argument because the facts and legal conclusions are adequately presented

in the materials before this court and argument would not aid the decisional process.

AFFIRMED